Gleason *v.* Walsh and als.

GEORGE W. GLEASON *versus* ROBERT WALSH AND ALS.

Where parties have not entered into any express and specific contract, a presumption arises that they intended to contract according to the general usage, practice and understanding in relation to the subject matter.

A usage may be general and still confined to a particular city, town or village.

When men are hired and no special agreement made as to the time they are to work, evidence of what usage in that particular employment is, as to time, is proper for the consideration of the jury.

This is an action of assumpsit for one month and sixteen days' labor.

It appeared that the defendants hired the plaintiff at Thomaston to work for them in Virginia in the lumber business and paid him twenty dollars to get out with, but no specific time for which he should labor was named in the agreement. The plaintiff had been employed in the same business before, and there was evidence tending to show that he had committed an offence against the laws of Virginia, and left on that account the service of the defendants at this time, and from no ill-treatment, fault or consent of theirs.

The defendants offered evidence tending to show that the *usage* at Thomaston required men employed in the Virginia lumber business to stay and work during the timber cutting season, usually about six months, and contended that the plaintiff was bound by that usage as by a special contract for that time.

MAY, J., presiding, excluded certain questions and answers contained in depositions, and instructed the jury, if there was an agreement between plaintiff and defendants that he should work during the season, he was bound to remain and work through the season unless he had some reasonable or justifiable excuse for leaving, or unless the defendant in some way waived the performance of the con-

tract, and if he left without any such excuse or waiver he could not recover; but if there was no such special contract or agreement on his part to stay and work during the season, understood and assented to by the parties, he might be entitled to recover a reasonable compensation for his labor, taking into consideration *all the circumstances* of the case, and that the *burden of proof to show* such contract was on the defendants who set it up; *that if plaintiff, from what was said and done by the defendant, Moody, rightfully understood when he left, that he had Moody's authority for leaving, and that he was to be paid for what work he had done, he may recover even if he did agree to stay the season, and whether he did rightfully so understand or not, was a question* for the jury to determine from what took place between him and the defendant, Moody, and from the other facts in the case.

The verdict was for the plaintiff.

*A. P. Gould,* counsel for defendant.

*Peter Thacher,* counsel for plaintiff.

CUTTING, J. The plaintiff states, that at the time he engaged to go to Virginia to labor, " there was nothing said about the wages, nor whether he should work one month, one day or one year," and on cross examination that " it has been the usage in that business for the employer to pay the expenses of men out, and that *Walsh* paid him twenty dollars to get out with," that he went to Virginia and worked one month and sixteen days, and then quit. It was contended in defence that the plaintiff agreed to work during the season for getting out ship timber, and without justifiable cause violated his contract and consequently forfeited his wages, and the principal question raised at the trial was as to the terms of the agreement. The defendants offered evidence tending to show a general usage at that time existing in *Thomaston,* the place of the negotiation, which required men, who hired out under such circumstances, to remain during the lumber season; but the testimony was excluded.

There would seem from the plaintiff's own statement to be some inconsistency in the defendant's advancing him the expenses of the journey according to the usage in such cases, (as he admits,) if he was at liberty to return the next day after his arrival at the place of destination, and that something more must be implied than was expressed verbally to complete the contract so as to render a mutuality of benefits; and the proof of the usage was only wanting to perfect the intention of the parties.

Eminent jurists have regretted the necessity of resorting to usage in the construction of contracts, and have been more or less liberal in restricting or extending such as a rule of law. Many learned and elaborate decisions have been pronounced embracing that subject, to which it is only necessary to refer, without a useless repetition of the principles therein so ably discussed, and the almost unanimous conclusion arrived at, which is expressed by Starkie :— " Where parties have not entered into any express and specific contract, a presumption nevertheless arises that they meant to contract and to deal according to the general usage, practice and understanding, if any such exists, in relation to the subject matter." And he further remarks, that such usage may have been recent and " existed but for a year." 2 Stark. Ev., 453.

The authorities are abundant that a usage may be general and still confined to a particular city, district, town or village. Van Ness v. Packard, 2 Peters, 148 ; Clark v. Baker, 11 Met., 188 ; Williams v. Gilman, 3 Maine R., 276 ; Emmons v. Lord, 18 Maine R., 351 ; Perkins v. Jordan, 35 Maine R., 23 ; Thompson v. Hamilton, 12 Pick, 426. And as to the law relating to usage, 1 Smith's Lead. Ca., (ed. of 1844,) 414, where the authorities are collected. In this case, however, most of the evidence offered was properly ruled to be inadmissible, since it could only tend to prove a particular usage as to the mode of making *special* contracts ; and we presume that the judge, who presided at the trial, *only* intended to exclude testimony of that charater ; but certain

other questions were asked and answers given, (which probably escaped his particular attention,) embraced in that portion of the evidence offered and rejected, which had relation to the period of time persons employed to labor were expected to remain at work in Virginia, where no special agreement *as to time* was made by the parties.

Some of the evidence, therefore, which was excluded, was admissible to go to the jury, and in the language of Judge Story, in Van Ness v. Packard, "whether it was such as ought to have satisfied their minds on the matter of fact was solely for their consideration."

Although it may not be necessary to refer to the motion, inasmuch as a new trial must be granted, yet we think the evidence, as reported, has a strong tendency to show a special contract to labor during the season, which was not performed by the plaintiff solely through fear of the local criminal law, and not by consent of the defendants. And if under all these circumstances the plaintiff should think proper to present his claim again to the consideration of the jury, probably the charge will be more definite, and on that account less objectionable to the defendant's counsel.

*Verdict set aside, and a new trial granted.*